MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ESTELA B CORTES, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)** |
| JOHN DOE CORP. (D/B/A TACO'S<br>PUEBLA RESTAURANT), TACO REY<br>CORP. (D/B/A TACO REY), CENTENARIO<br>BAR RESTAURANT CORP. (D/B/A<br>CENTENARIO BAR RESTAURANT),<br>FRANCISCO H. MEDINA CASTELAN , and<br>CLAUDIA GARCIA , | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Estela B Cortes ("Plaintiff Cortes" or "Ms. Cortes"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against John Doe Corp. (d/b/a Taco's Puebla Restaurant), Taco Rey Corp. (d/b/a Taco Rey), Centenario Bar Restaurant Corp. (d/b/a Centenario Bar Restaurant), ("Defendant Corporations"), Francisco H. Medina Castelan and  Claudia Garcia, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Cortes is a former employee of Defendants John Doe Corp. (d/b/a Taco's Puebla Restaurant), Taco Rey Corp. (d/b/a Taco Rey), Centenario Bar Restaurant Corp. (d/b/a Centenario Bar Restaurant), Francisco H. Medina Castelan, and Claudia Garcia.

2.      Defendants own, operate, or control three mexican restaurants, located at 2181 Grand Concourse, Bronx, NY 10453 under the name "Taco's Puebla Restaurant" (hereafter the "Taco's Puebla" location),  at 2319 Hughes Avenue, Bronx, New York 10458 under the name "Taco Rey" (hereafter, the "Taco Rey" location), and  at 1538-40 Webster Avenue, Bronx, New York 10457 under the name "Centenario Bar Restaurant" (hereafter the "Centenario" location).

3.      Upon information and belief, individual Defendants Francisco H. Medina Castelan and Claudia Garcia, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Cortes was employed as  a waitress and an administratrix at the restaurants located at 2181 Grand Concourse, Bronx, NY 10453, 2319 Hughes Avenue, Bronx, New York 10458, and 1538-40 Webster Avenue, Bronx, New York 10457.

5.      Plaintiff Cortes was ostensibly employed as a waitress. However,  she was  required to spend a considerable part of her work day performing non-tipped duties, including but not limited to mopping, sweeping, cleaning tables, re-stocking refrigerators, stocking the beer refrigerators, cleaning bathrooms, preparing food in the grill, dishwashing, cooking and cleaning the restaurants (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Cortes worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Cortes appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiff Cortes the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.    Furthermore, Defendants repeatedly failed to pay Plaintiff Cortes wages on a timely basis.

10.    Defendants employed and accounted for Plaintiff Cortes as a waitress in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.    Regardless, at all relevant times, Defendants paid Plaintiff Cortes  at a rate that was lower than the required tip-credit rate.

12.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Cortes's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Cortes's actual duties in payroll records by designating her as a waitress instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Cortes at the minimum wage rate and enabled them to pay her at the tip-credit rate (which they still  failed to do).

14.    Defendants' conduct extended beyond Plaintiff Cortes to all other similarly situated employees.

15.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cortes and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.    Plaintiff Cortes now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiff Cortes seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cortes's state law claims under 28 U.S.C. § 1367(a).

19.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate three mexican restaurants located in this district. Further, Plaintiff Cortes was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

20.    Plaintiff Estela B Cortes ("Plaintiff Cortes" or "Ms. Cortes") is an adult individual residing in Bronx County, New York.

21.    Plaintiff Cortes was employed by Defendants at "Tacos Puebla", "Taco Rey" and "Bar and Restaurant Centenario" from approximately December 2017 until on or about June 2018 and then from approximately August 2018 until on or about June 20, 2019.

22.     Plaintiff Cortes consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     At all relevant times, Defendants owned, operated, or controlled three mexican restaurants, located at 2181 Grand Concourse, Bronx, NY 10453 under the name "Taco's Puebla Restaurant", at 2319 Hughes Avenue, Bronx, New York 10458 under the name "Taco Rey", and at 1538-40 Webster Avenue, Bronx, New York 10457 under the name "Centenario Bar Restaurant".

24.     Upon information and belief, John Doe Corp. (d/b/a Taco's Puebla Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2181 Grand Concourse, Bronx, NY 10453.

25.     Upon information and belief, Taco Rey Corp. (d/b/a Taco Rey) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2319 Hughes Avenue, Bronx, New York 10458.

26.     Upon information and belief, Centenario Bar Restaurant Corp. (d/b/a Centenario Bar Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1538-40 Webster Avenue, Bronx, New York 10457.

27.     Defendant Francisco H. Medina Castelan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Francisco H. Medina Castelan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Francisco H. Medina Castelan possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant

functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cortes, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Claudia Garcia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Claudia Garcia is sued individually in her capacity as a manager of Defendant Corporations. Defendant Claudia Garcia possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Cortes, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate three mexican restaurants located in multiple neighborhoods in the Bronx in New York City.

30.     Individual Defendants, Francisco H. Medina Castelan and Claudia Garcia, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff Cortes's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cortes, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiff Cortes (and all similarly situated employees) and are Plaintiff Cortes's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiff Cortes and/or similarly situated individuals.

35.    Upon information and belief, Individual Defendant Francisco H. Medina Castelan operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of his own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants were Plaintiff Cortes's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff

Cortes, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cortes's services.

37.    In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

### *Individual Plaintiff*

39.    Plaintiff Cortes is a former employee of Defendants who ostensibly was employed as a waitress. However, she spent over 20% of each shift performing the non-tipped duties described above.

40.    Plaintiff Cortes seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *Plaintiff Estela B Cortes*

41.    Plaintiff Cortes was employed by Defendants from approximately December 2017 until on or about June 2018 and then from approximately August 2018 until on or about June 20, 2019.

42.    Defendants ostensibly employed Plaintiff Cortes as a waitress.

43.    However, Plaintiff Cortes was also required to spend a significant portion of her work day performing the non-tipped duties described above.

44.    Although Plaintiff Cortes ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

45.    Plaintiff Cortes regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.    Plaintiff Cortes's work duties required neither discretion nor independent judgment.

47.    Throughout her employment with Defendants, Plaintiff Cortes regularly worked in excess of 40 hours per week.

48.    From approximately December 29, 2017 until on or about June 2018, Plaintiff Cortes worked as a waitress at the Taco's Puebla location from approximately 4:00 p.m. until on or about 12:00 a.m., 6 days  a week(typically 48 to 51 hours per week).

49.    From approximately June 2018 until on or about December 2018, Plaintiff Cortes worked as an administratrix at the Taco Rey location from approximately 1:00 a.m. until on or about 11:00 p.m. to 11:30 p.m., 7 days a week (typically 70 to 73 hours per week).

50.    From approximately January 2019 until on or about June 20, 2019, Plaintiff Cortes worked as a waitress at the Centenario location from approximately 11:00 a.m. until on or about 1:00 a.m. to 1:30 a.m., 6 days a week (typically 84 to 87 hours per week).

51.    Throughout her employment, Defendants paid Plaintiff Cortes her wages in cash.

52.    From approximately December 2017 until on or about June 2018, Defendants paid Plaintiff Cortes a fixed salary of $50 per day.

53.    From approximately July 2018 until on or about December 2018, Defendants paid Plaintiff Cortes a fixed salary of $500 per week.

54.    From approximately January 2019 until on or about June 20, 2019, Defendants paid Plaintiff Cortes a fixed salary of $75 per day.

55.    Plaintiff Cortes's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

56.     For example, Defendants required Plaintiff Cortes to work an additional 30 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

57.     Defendants never granted Plaintiff Cortes any breaks or meal periods of any kind.

58.     Plaintiff Cortes was never notified by Defendants that her tips were being included as an offset for wages.

59.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Cortes's wages.

60.     Plaintiff Cortes was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

61.     Defendants took improper and illegal deductions from Plaintiff Cortes's wages; specifically, Defendants deducted from Plaintiff Cortes's wages half of a bill every time a client cancelled a delivery order. Additionally, Defendants also deducted a complete bill from Plaintiff Cortes's wages every time a customer ran out on the bill.

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cortes regarding overtime and wages under the FLSA and NYLL.

63.     Defendants did not provide Plaintiff Cortes an accurate statement of wages, as required by NYLL 195(3).

64.     Defendants did not give any notice to Plaintiff Cortes, in English and in Spanish (Plaintiff Cortes's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants required Plaintiff Cortes to purchase "tools of the trade" with her own funds—including black pants and shirts.

*Defendants' General Employment Practices*

66.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cortes (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

67.    Plaintiff Cortes was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

68.    Defendants' pay practices resulted in Plaintiff Cortes not receiving payment for all her hours worked, and resulted in Plaintiff Cortes's effective rate of pay falling below the required minimum wage rate.

69.    Defendants habitually required Plaintiff Cortes to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

70.    Defendants required Plaintiff Cortes and all other waitresses to perform general non-tipped tasks in addition to their primary duties as waitresses.

71.    Plaintiff Cortes and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

72.    Plaintiff Cortes's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

73.    Plaintiff Cortes and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

74.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and  Plaintiff Cortes's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

75.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

76.    In violation of federal and state law as codified above, Defendants classified  Plaintiff Cortes and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

77.    Defendants failed to inform Plaintiff Cortes who received tips that Defendants intended to take a deduction against Plaintiff Cortes's earned wages for tip income, as required by the NYLL before any deduction may be taken.

78.    Defendants failed to inform Plaintiff Cortes who received tips, that her tips were being credited towards the payment of the minimum wage.

79.    Defendants failed to maintain a record of tips earned by Plaintiff Cortes who worked as a waitress for the tips she received.

80.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

81.    Defendants paid Plaintiff Cortes her wages in cash.

82.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

83.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cortes (and similarly situated individuals) worked, and to avoid paying Plaintiff Cortes properly for her full hours worked.

84.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

85.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cortes and other similarly situated former workers.

86.     Defendants failed to provide Plaintiff  Cortes and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

87.     Defendants failed to provide Plaintiff Cortes and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

88.    Plaintiff Cortes brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

89.    At all relevant times, Plaintiff Cortes and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

90.    The claims of Plaintiff Cortes stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

91.    Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

92.    At all times relevant to this action, Defendants were Plaintiff Cortes's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Cortes (and the FLSA Class Members), controlled the terms and conditions

of their employment, and determined the rate and method of any compensation in exchange for their employment.

93.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

94.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

95.     Defendants failed to pay Plaintiff Cortes (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

96.     Defendants' failure to pay Plaintiff Cortes (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

97.     Plaintiff Cortes (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

98.     Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

99.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cortes (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.    Defendants' failure to pay Plaintiff Cortes (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiff Cortes (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

102.    Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

103.    At all times relevant to this action, Defendants were Plaintiff Cortes's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Cortes, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

104.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cortes less than the minimum wage.

105.    Defendants' failure to pay Plaintiff Cortes the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

106.    Plaintiff Cortes was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

107.    Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cortes  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109.    Defendants' failure to pay Plaintiff Cortes overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

- 16 -

110.     Plaintiff Cortes was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

111.     Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

112.     Defendants failed to pay Plaintiff Cortes one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Cortes's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

113.     Defendants' failure to pay Plaintiff Cortes an additional hour's pay for each day Plaintiff Cortes's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

114.     Plaintiff Cortes was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

115.     Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

116.     Defendants failed to provide Plaintiff Cortes with a written notice, in English and in Spanish (Plaintiff Cortes's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

117.    Defendants are liable to Plaintiff Cortes in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

118.    Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

119.    With each payment of wages, Defendants failed to provide Plaintiff Cortes with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

120.    Defendants are liable to Plaintiff Cortes in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

121.    Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

122.    Defendants required Plaintiff Cortes to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform  her

job, further reducing her wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

123.    Plaintiff Cortes was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

124.    Plaintiff Cortes repeats and realleges all paragraphs above as though set forth fully herein.

125.    At all relevant times, Defendants were Plaintiff Cortes's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

126.    Defendants made unlawful deductions from Plaintiff Cortes's wages; specifically, Defendants deducted from Plaintiff Cortes's wages half of a bill every time a client cancelled a delivery order. Additionally, Defendants also deducted a complete bill from Plaintiff Cortes's wages every time a customer ran our on the bill.

127.    The deductions made from Plaintiff Cortes's wages were not authorized or required by law.

128.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Cortes's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

129.    Plaintiff Cortes was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

130.    Plaintiff Cortes repeats and realleges all paragraphs above as though set forth fully herein.

131.    Defendants did not pay Plaintiff Cortes on a regular weekly basis, in violation of NYLL §191.

132.    Defendants are liable to Plaintiff Cortes in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cortes respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cortes and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cortes and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cortes's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cortes and the FLSA Class members;

(f)      Awarding Plaintiff Cortes and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Cortes and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cortes;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cortes;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Cortes;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Cortes;

(l)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cortes's compensation, hours, wages and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Cortes;

(n)      Awarding Plaintiff Cortes damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)      Awarding Plaintiff Cortes damages for Defendants' violation of the NYLL notice

and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Cortes liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiff Cortes and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Cortes and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Cortes demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       October 11, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 8, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Estela B Cortes

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:          8 de octubre 2019

*Certified as a minority-owned business in the State of New York*